UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
In the Matter Of,

FREDERICK M. OBERLANDER, an attorney admitted
To practice before this Court,

                 Respondent.

-----------------------------------------------------------------------X

Docket No.  16-MC-2637

**NOTICE OF APPEAL**

      **WHEREAS**, on August 13, 2018, the court entered an Order in this action imposing discipline on respondent Frederick M. Oberlander while providing and reserving for possible future amendment thereto;

      **WHERREAS**, on August 27, 2018, the respondent filed a motion pursuant to FRCP 54(b) that, to the extent it was necessary to so request, the court order that those matters which the Order disposed of without such provision or reservation for amendment be deemed severed so that appeal might be taken therefrom without awaiting any possible future amendment but nevertheless the time for any such appeal still tolled by the accompanying conterminous motion for reconsideration, *infra*;

      **WHEREAS**, on August 27, 2018, the respondent also, and timely, filed, as part of that same motion, a request for amendment or alteration (thus "reconsideration") of the Order, which was captioned as made pursuant to Local Rule 6.3 and FRCP 60(b);

      **WHEREAS**, by express provision of the Federal Rules (as to FRCP 59(e) and 60(b)) and by circuit precedent (as to LR 6.3)[1], the 30-day time to appeal from any appealable aspect of the Order was by said filing then tolled during pendency of the motion;

---

[1] *See, e.g., Hertzner v. Henderson*, 292 F.3d 302 (CA2 1991); Plaintiff's [LR 6.3] motion for reconsideration of district court's judgment was filed within ten days of the entry of that judgment and qualified as a so-called "ten-day" motion under *FRAP 4(a)(4)(A). See United States ex rel. McAllan v. City of New York*, 248 F.3d 48, 52 (CA2. 2001) (motion filed within ten days requesting alteration or amendment of judgment is treated as *Rule 59(e)* motion, even though denominated as something other than *Rule 59* motion); *Ametex Fabrics, Inc. v. Just In Materials, Inc.*, 140 F.3d 101, 106 (CA2 1998) (When party files notice of appeal before a district court disposes of one of the motions listed in *Rule 4(a)(4)(A)*, the notice of appeal "becomes effective to appeal a judgment…when *the order disposing of the last such remaining motion is entered.*"); *see Ametex Fabrics*, 140 F.3d at 106. Thus, Plaintiff's notice of appeal, when it was filed on March 22, was not then effective to appeal the judgment, but became effective on November 29.

**WHEREAS**, on August 30, 2018, by request for same August 29, 2018 motion, this court stayed enforcement of discipline imposed by the Order as would otherwise have taken effect September 1, 2018;

**WHEREAS**, on September 10, 2018, the respondent filed a request that it would be timely, non-prejudicial, and thus proper to deem the August 27, 2018 filing as having been made pursuant to FRCP 52(b) and also FRCP 59(e) as case law provided such filings are indistinguishable from each other and from those made per LR 6.3, asking the court to so deem so there be no question that time to appeal had been tolled;

**NOW THEN**, in an abundance of caution, notice is given that respondent hereby appeals to the United States Court of Appeals for the Second Circuit from each aspect of the August 13, 2018 order from which appeal may be taken, whether as of right or by this court's grant of the pending FRCP 54 request; provided however that, as respondent notes for the record, this is understood to be a protective notice of appeal and thus (1) is not intended to expressly or impliedly limit, revoke, subordinate, or withdraw any prior motions or other requests for relief heretofore filed, so (2) thus is to be deemed, pursuant to the 1993 modifications of FRAP 4 and related rules, a "premature" notice of appeal filed *nunc pro futuro* for so long as appeal has, shall have been, and remains tolled, ***so shall be ineffective until, and only springing to life when, insofar, and to the extent, as such tolling ends by disposition of all motions which cause it*** [n.1] and there persist either or both (1) issues remaining from the original Order from which appellant would then appeal; or (2) new issues raised by any amendment or alteration to the Order from which appellant would then appeal; in either case to be then made clear, if necessary, by amending this Notice of Appeal.

        Respectfully Submitted,

        *by* **FREDERICK M. OBERLANDER,** *pro se*
        28 Sycamore Lane (PO Box 1870)
        Montauk, NY 11954
        212.826.0357  T
        212.202.7624  F