# FREDERICK M. OBERLANDER

The Hon. Ann M. Donnelly, USDJ
Eastern District of New York
(by ECF)

In re Scheduling Order on 16-MC-2637

Dear Judge Donnelly:

**On the Unsealing Issue**

Mr. Wicks has filed his proposal under seal. I assume it's similar to a draft he gave Mr. Lerner with his blessing for Mr. Lerner to send it to me as he's filing it under seal. I don't know Mr. Wicks. Long ago I was a client of his firm, but other than that I've had no contact with them and brief contact with him, in which he's been a lawyer's lawyer in all respects. If he and everyone else don't see irony, we need to sit back a bit. Allow an observation.

If the word "sealed" in the sealing order inside this court's order to show cause, proscribes (1) dissemination, of (2) material filed under seal, by (3) at least case participants, pursuant to the federal common law of contempt Mr. Wicks is in a precarious position here as he is (1) aware of the order; (2) bound by it; and (3) encouraging someone else he knows to be aware of and bound by it to do what (disseminating it to me) he thinks he's barred from doing, while (4) telling same to Mr. Lerner, that he can't but Lerner might do it for him.

The point is not to be taken as serious, but to show that weaponizations of sealing orders and attempts to use them as prior restraint chilling instruments has to stop, that Mr. Wicks worries about disclosing to me a briefing schedule for motions to unseal when this court on remand is obligated to make public an announcement that it will be taking up issues of unsealing open to participation by all. That also runs to Mr. Lerner's issue of amici. One last time, let me assure Mr. Wicks this was meant only to poke a little fun but at the same time show how much of a mess this already is as no one sees the conflations.

But on that subject, when Mr. Lerner emailed it to, did I commit a crime when opening it, as for one thing I had no idea what was in it? As Judge Glasser said, at least according to what the Solicitor General told the Supreme Court, my receipt in hand of documents Bernstein gave me violated a sealing order even though inside a closed envelope.

The Third Circuit reliably makes the distinction between sealing orders and prior restraints. Thirty years ago it decided if a state law prohibiting access to and disclosure, even by witnesses disclosing their testimony, of information (testimony and documents) submitted in judicial discipline proceedings could be constitutional. *See First Amendment Coalition v. Judicial Inquiry & Review Bd.*, 784 F.2d 467 (1986), That Circuit said restricting access before public discipline was acceptable constitutionally, but not after, but the law precluding witnesses from disclosing their own testimony was unlawful prior restraint. *See Butterworth*, a SCOTUS case that held the same as to Florida law of grand jury secrecy.

This Court may recall that submissions from inception through but not including the August 13, 2018 orders were made almost entirely on Mr. Lerner's docket for convenience as there were so many of such length that it seemed unwise to replicate. So for example, though I retained Prof. Tarkington as an expert for both of us, and paid her, her report, with hundreds of exhibits and thousands of pages, is filed on Mr. Lerner's docket, like the later supplementation with USMC Capt. Giannini's affidavit, and official records report from a National Archivist. For all intents and purposes they exist and were cross-adopted, all of them, on both our dockets, they just "electronically" exist on Lerner's alone The point is, there's little on my docket not on his, yet in the old-fashioned sense of standing and ownership, 93% of filings here are his in that, again by ancient property concepts, he is the one with standing to make certain arguments, not me.

Yet in equity that can't matter. Speaking for myself, *as a matter of style* I wish to accomplish full availability of public access to every word on every page of every document on the dockets. But, I only want that as (a) it seems easier to explain; and (b) if I have it, I'll have with it the absolute right to disseminate such, with sourcing to the docket, to anyone I want, and *that* is what I need. So, I could intervene on Lerner's docket to move to unseal, in federal *access* law there's nothing I could say he couldn't why the public shouldn't be barred from access, other than waive objections, which I've done. And, before it issued its decision, I notified the Second Circuit I hoped it clarified that by the remand I be able to accomplish the same public access/unsealing as to the little on my docket.

The question is how, *if we do*, we face contempt in *this* court if we disclose what's sealed *here* to the extent it existed before this started, especially what *we* had written. Circuit law for 60 years, *see Bridge Cat Scan*, says material obtained outside court may be sealed if submitted in a case if criteria are met, but its extra-judicial dissemination may *not* be restricted by such court unless in plenary action or cross-complaint for relief by order of prior restraint, for example trade secret protection.

I alert the court as I'm unaware of any doctrine whereby even on the order, stayed before imposition, of *in futuro* suspension, there's First Amendment right of access, in experience and in use of logic. If so it's ridiculous, as logic suggests one better understands courts if it understands how they discipline. And it should be ridiculous that since the Circuit held in *Salameh* that plenary First Amendment due process is required to gag case participants, it can co-exist with the idea they may be gagged without that by sealing something at a common law standard, *a fortiori* sealing everything *sans* document-by-document analysis.

Bottom line, this must be briefed and I'm the one to do it, but no matter what, the burdens of production and proof are always on the proponent of continued sealing, whether First Amendment or common law, so Mr. Wicks must go first, and I interpret his letter as suggesting others be invited (though the whole world must be) and that 60 days for him and they to produce what they think is an objection list with reasons why, then a reasonable time, I imagine 30 days, for us to respond, and go from there.

**On the Rule 54 Issue**

There is a ton of law on this issue, going back nearly a century, Almost all of it has Rule 54 certification inextricably intertwined with stays pending appeal, for obvious reasons. I understand the Second Circuit to be neutral as to the certification but concerned it cannot infer as obvious what the reasoning was so cannot, if it chooses to, *sua sponte* review the certification for abuse of discretion (that's the reviewing standard). But unless the Court is seeking settle order language as revised decision and order as to certification, I believe Mr. Wicks has to go first here because any such augmented record in the end is obviously his to approve. But as it's law of the case that certain irreparable injury and lack of possibility of harm combined to make compelling the grant of a stay, the same ought be true as to severance, without which there couldn't have been a stay pending appeal for want of appeal