## LAW OFFICE OF FREDERICK M. OBERLANDER

**FREDERICK M. OBERLANDER**
ATTORNEY-AT-LAW

fred55@aol.com

28 SYCAMORE LANE (PO BOX 1870)
MONTAUK, NEW YORK 11954
TELEPHONE 212.826.0357
FAX 212.202.7624

April 28, 2021

The Hon. Ann M/ Donnelly, USDJ
EDNY, Brooklyn, NY 10001

re:   *In re Oberlander*, 16-MC-2637
Request for directive to move the Second Circuit to remit such jurisdiction as will let this court take up and decide this motion to unseal the docket and all filings herein conterminously with Mr. Lerner's like motion.

Dear Judge Donnelly:

**FIRST**, I never saw why we had to ask CA2 to return jurisdiction to decide unsealing Mr. Lerner's case; you should have had jurisdiction, but as it now is law of that case we had to, and Lerner's response is due in 68 days this request won't slow things down as it needs so little work relative to his that I can agree my time to respond after any period allowing objections to unsealing can almost surely be made coterminous with his.

Please accept and then deny for lack of jurisdiction this motion to unseal the docket in my case as well as the content of all documents on it and all other documents filed in my case but undocketed. We went through that on Lerner's and the court said there were none, but I ask to make a record so the same will be said (if it be so) as to *my* docket, whatever was in a tangible medium of expression involved in producing results of my case is listed on my docket and available to be opened to access through it. Please respect that appellate counsel says I need it on the record.

All on my docket involving Jody Kriss is on Lerner's, covered by service to Kriss. Lerner knows this request already, so won't take much time to respond. I doubt Mr. Wicks will. And as my stuff went public in 2018, unlike Lerner's (I don't know how), there's less to do than apparent. I doubt there's much on mine not on his that Sater or the EDNY will care about. So, unless you know a faster way, please deny jurisdiction and direct me to move the Second Circuit for an order partially remitting jurisdiction. So long as I end up with 45 days, I will file any judicial documents, such as replies to objections or simply arguments of First Amendment rights to disseminate not subject to sealing analysis within the same 60-day time past Friday Mr. Lerner has to reply to objection, whether or not there be any, giving Mr. Wicks, the EDNY, and Mr. Sater several weeks to review basically nothing. So be assured I have no intent to delay.

*****

**SECOND**, please clarify I may freely disseminate documents you already ordered in your November 2020 directive were to be unsealed immediately (they never were, PACER says I may not disseminate them).

*****

**THIRD**, please clarify I may file *under seal* in another federal court or in NY Supreme Court one or two documents sealed here without having to wait for motion resolution. If the Court wants me to identify them and explain why they need to go in the other cases, that's fine, but no one who hasn't already seen them will see them if I do this.

*****

**FOURTH**, to make a record, I assume there's no formal signed sealing order on my docket or Lerner's, but they were sealed by means *other* than court order? I need to know how they came to be sealed without the usual procedure to the extent it suggests presumption of access may be more formidable hurdle for a proponent of sealing than usual, for example if they're sealed by a rule I don't know of not requiring document by document particularized findings.

Thank you,

/s/ Frederick M. Oberlander