UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
In The Matter Of,                                            :
                                                             :
**FREDERICK M. OBERLANDER**, an attorney
admitted to practice before this Court,                      :   **ORDER**

                               Respondent.                   :   16-MC-2637 (AMD)

                                                             :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

This matter is before the Committee on Grievances for the United States District Court for the Eastern District of New York on the respondent's motion for reconsideration (ECF Nos. 36, 37) of the Committee's order of June 14, 2024 (ECF No. 33).[1] The Committee found "by clear and convincing evidence that the respondent violated Rule 3.4(a)(6)" of the New York Rules of Professional Conduct and imposed a one-year suspension, on top of the one-year suspension that the Committee imposed in its August 13, 2018 order for the respondent's other violations. Familiarity with the facts is assumed.

Although the respondent moves to vacate the Committee's ruling, he cites Rule 59(e) of the Federal Rules of Civil Procedure. Accordingly, the Committee construes his submission as a motion for reconsideration under Rule 6.3 of the Local Rules for the United States District Court for the Southern and Eastern Districts of New York and Rules 59(e) and 60(b)(6) of the Federal Rules of Civil Procedure.[2]

---

[1] The respondent filed the motion on July 12, 2024 (ECF No. 36); on July 14, 2024, he filed an updated version that complied with the Individual Rules' formatting requirements (ECF No. 37). The Committee refers to the updated version in this order.

[2] Local Rule 6.3 provides that "a notice of motion for reconsideration or reargument of a court order shall be served within 14 days after the entry of the judgment." *Hernandez v. Doe*, No. 16-CV-2375, 2016 U.S. Dist. LEXIS 176600, at *3 (E.D.N.Y. Dec. 21, 2016) (citing Local Rule 6.3). Rule 59(e) permits a

**LEGAL STANDARD**

"A motion to alter a judgment pursuant to Rule 59(e) 'may be granted only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Xiao Qing Liu v. N.Y. State Former Governor Mr. Andrew M. Cuomo*, No. 22-CV-5384, 2023 U.S. Dist. LEXIS 147395, at *1–2 (E.D.N.Y. Aug. 22, 2023) (quoting *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014)). "The Second Circuit has noted that it is 'well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Id.* (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). Rather, "the standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked[.]" *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Federal Rule of Civil Procedure 60(b)(6), a catch-all provision, allows a court to relieve a party from final judgment for "any reason that justifies relief" not already mentioned in Rule 60(b)(1) through (5). "[T]he standard for granting [Rule] 60(b)(6) motions is strict." *King v. People of the State of New York*, No. 11-CV-3810, 2016 WL 1056566, at *2 n.3 (E.D.N.Y. Mar.

---

party to seek reconsideration of a court's judgment "so long as the party files its 'motion to alter or amend a judgment . . . no later than 28 days after the entry of judgment.'" *Id.* (quoting Fed. R. Civ. P. 59(e)). The respondent moved for reconsideration on July 12, 2024. (ECF No. 36.) Although the motion is not timely under Local Rule 6.3, it is timely under Rule 59(e). Regardless, the standards for motions under Local Rule 6.3 and Rule 59(e) are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508–09 (S.D.N.Y. 2009).

The motion is timely under Rule 60(b)(6), which must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

16, 2016) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).  Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief or when the judgment may work an extreme and undue hardship." *Simone v. Prudential Ins. Co. of Am.*, 164 F. App'x 39, 40 (2d Cir. 2006) (summary order).  "The party seeking relief has the burden to prove extraordinary circumstances." *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, No. 18-CV-4203, 2023 U.S. Dist. LEXIS 213428, at *6 (E.D.N.Y. Nov. 30, 2023).

## DISCUSSION

The respondent argues that the June 14, 2024 order should be vacated, or its enforcement stayed, because he "[was] not allowed a defense," "informed what [he] would be charged with," or given "notice of timing or when anything from us would be expected."  (ECF No. 37 at 2.)  He also maintains that he was entitled to an evidentiary hearing and a jury trial, because he was in effect charged with civil or criminal contempt.  (*Id.* at 2–8.)  These arguments are unavailing under either Rule 59(e) or Rule 60(b)(6).

The respondent's claim that the Committee did not alert him that it was considering whether his actions constituted illegal conduct in violation of Professional Rule 3.4(a)(6) is not persuasive.  The statement of charges includes the violations of Rule 3.4 "by knowingly engaging in illegal conduct by contravening court orders[ and] disclosing the Sealed Materials." (ECF No. 3 at 6.)  This charge gave the respondent fair notice of the charge that he violated Rule 3.4 by contravening court orders and disclosing the Sealed Materials.  Further, the Committee's August 13, 2018 order explained that the Committee "defer[red] its ruling on this portion of the Rule 3.4 charge pending the outcome" of ongoing criminal contempt proceedings into the same conduct.  (ECF No. 14 at 35.)  The respondent points to no authority, and the Committee is aware of none, that requires additional notice or another round of briefing on a deferred ruling, let alone on a charge on which "the record is clear." (*Id.*)  Accordingly, the respondent has not

3

established "manifest injustice" or "extraordinary circumstances" that justify relief from the judgment.

The Committee also rejects the respondent's claim that it denied him due process because it did not hold an evidentiary hearing.  The respondent does not point to controlling decisions that the Committee overlooked that justify relief; indeed, controlling authority permits the Committee to decline to hold a hearing where the respondent has not shown good cause for one, which he did not do here.  "Procedural due process is a flexible concept," and "[i]n a disciplinary case, due process requires only that [a] respondent be given notice of the charges against him and an opportunity to be heard."  *In re Feinman*, No. 96-CV-5796, 2000 U.S. Dist. LEXIS 19785, at *17 (E.D.N.Y. Mar. 18, 2000) (citing *In re Jacobs*, 44 F.3d 84, 90 (2d Cir. 1994)); *see also* Local Rule 1.5(d)(1) ("If good cause is shown to hold an evidentiary hearing, the Committee on Grievances may direct such a hearing . . . .").  To the extent the respondent argues that he showed good cause to hold a hearing, he does not provide sufficient justification for relitigating the issue.  Indeed, the Committee discussed the facts underlying the Rule 3.4(a)(6) violation at length in its 2018 opinion and found that those facts are not in dispute.  (*See* ECF No. 33 at 8–10; ECF No. 34 at 2–3.)

Characterizing the Committee's ruling as the equivalent of a finding of civil or criminal contempt, the respondent maintains that due process requires an evidentiary hearing or even a jury trial.  (ECF No. 37 at 5.)  This argument is also unpersuasive.  This is not a contempt proceeding.  It is a disciplinary proceeding.  Unlike civil and criminal contempt charges, "the Rules of Professional Conduct lack the force of law."  *In re Thelen LLP*, 736 F.3d 213, 223 (2d Cir. 2013).  Moreover, "'an attorney subject to a . . . disciplinary proceeding' is entitled to narrower due-process protections than 'the full panoply of federal constitutional protections that

4

apply to a criminal prosecution.'" *In re Demetriades*, 58 F.4th 37, 48–49 (2d Cir. 2023) (quoting *In re Jacobs*, 44 F.3d at 89). These protections, as discussed above, include only notice and an opportunity to be heard. *In re Feinman*, 2000 U.S. Dist. LEXIS 19785, at *17. The respondent identifies no controlling authority to the contrary. It also makes no sense to treat a violation of Professional Rule 3.4(a)(6) as the equivalent of contempt. The rule prohibits attorneys from, among other things, "knowingly engag[ing] in . . . illegal conduct," meaning that the same conduct can be punishable under professional ethics rules and under state or federal law; it does not follow that a sanction under the professional rules is the same thing as a sanction under law.

The Committee has reviewed the remainder of the respondent's arguments and finds no reason to reconsider its determination.

This order, like the June 14, 2024 order, "is a final order and may be immediately appealed, there being no necessity in such matters to issue a Judgment." *In re Weinstock*, No. M-2-238, 2005 U.S. Dist. LEXIS 7051, at *4–5 (S.D.N.Y. Apr. 22, 2005). The respondent's "time to file an appeal from the [June 14, 2024] judgment runs from the entry of this order." *Roistacher v. Bondi*, 624 F. App'x 20, 21 (2d Cir. 2015).

**SO ORDERED.**

                                                                                  s/Ann M. Donnelly

                                                               Hon. Ann M. Donnelly, U.S.D.J.
                                                               Chair of the Committee on Grievances
                                                               For the United States District Court
                                                               Eastern District of New York

Dated: Brooklyn, New York
        September 4, 2024