UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
In The Matter Of,
                                                                   :

**FREDERICK M. OBERLANDER**, an attorney          :   **ORDER**
admitted to practice before this Court,
                                                   :   16-MC-2637 (AMD)

                                    Respondent.    :

                                                   :

                                                   :

------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

Before the Committee on Grievances for the United States District Court for the Eastern

District of New York is the respondent's motion for reconsideration.  (ECF Nos. 42, 44.)[1]  The

respondent raises three challenges to the Committee's August 13, 2018 (ECF No. 14) and June

14, 2024 (ECF No. 33) orders.  Familiarity of the facts is assumed.  For the following reasons,

the motion is denied.[2]

Although in the caption of his submission the respondent styles his motion as one under

"FRCP § 60(B)," he does not otherwise cite Rule 60(b) or explain why he is entitled to relief

under that rule.  (*See* ECF No. 44.)  Nor can the Committee discern any basis for relief under

---

[1] The Committee refers to the updated version that the respondent filed.  (ECF No. 44.)

[2] On November 14, 2024, the respondent filed the motion for reconsideration and, contemporaneously, a notice of appeal.  (ECF No. 43.)  Although filing a "notice of appeal before filing [a] motion for reconsideration, [means] jurisdiction ha[s] vested in the Court of Appeals," *George v. Impressive Homes Inc.*, No. 03-CV-40, 2007 WL 10031108, at *1 (E.D.N.Y. Feb. 16, 2007), "a notice of appeal does not divest a district court of jurisdiction to decide a [prior] timely-filed motion pursuant to Federal Rule of Civil Procedure 60." *Leeber Realty LLC v. Trustco Bank*, 798 F. App'x 682, 687 (2d Cir. 2019).  Where a notice of appeal and a motion for reconsideration are filed simultaneously, courts have chosen to retain jurisdiction over and decide the reconsideration motion.  *Rich v. Associated Brands, Inc.*, No. 08-CV-666, 2009 WL 236055, at *1 (W.D.N.Y. Jan. 30, 2009); *McCrary v. Cnty. of Nassau*, No. 06-CV-4982, 2008 WL 11416957, at *2 (E.D.N.Y. Oct. 7, 2008).  Accordingly, the Committee evaluates the respondent's Rule 60(b) motion on the merits.

Rule 60(b), because the respondent does not seek relief "from a final judgment, order, or proceeding," Fed. R. Civ. P. 60(b); instead, he asks the Committee to "take notice" of certain facts, provide a "more definite statement," and "correct the record," (*see id.*) none of which are bases for relief under Rule 60(b).  This alone is sufficient reason to deny the respondent's motion.[3]

The respondent raises three arguments: (1) that the Committee's June 14, 2024, decision misrepresents Judge Leo Glasser's findings at the July 20, 2010, hearing; (2) that the Committee did not establish that the respondent acted willfully; and (3) that the Committee suggested in its August 2018 decision that Magistrate Judge James Wicks, who was then counsel to the Committee, "investigate[d], discuss[ed] charges, and tr[ied] the case to a magistrate" or otherwise "served in any form of adjudicative function here, in which case the conflict is fundamental and pure structural error."[4]  The Committee addresses each argument in turn.

At a July 20, 2010, hearing, Judge Glasser observed that "[w]hat we have on the record is the testimony by John Doe that he did not give those documents to Mr. Bernstein, which gives rise to the legitimate inference that Mr. Bernstein may have stolen them, may have improperly obtained those documents," and "assuming that the documents were in John Doe's cabinet or in

---

[3] Nor could the respondent succeed even if the Committee were to construe his filing as a request for relief under Rule 60(b)(6), which permits a court to grant reconsideration for "any reason that justifies relief," because reconsideration under that subsection is warranted only "when there are extraordinary circumstances justifying relief or when the judgment may work an extreme and undue hardship." *Simone v. Prudential Ins. Co. of Am.*, 164 F. App'x 39, 40 (2d Cir. 2006) (summary order).  "The party seeking relief has the burden to prove extraordinary circumstances."  *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, No. 18-CV-4203, 2023 U.S. Dist. LEXIS 213428, at *6 (E.D.N.Y. Nov. 30, 2023). The respondent has not sustained that burden.

[4] In 2018, the Committee appointed Judge Wicks, who was at the time a partner at Farrell Fritz, P.C., to "to investigate allegations against the respondent, advise the Committee on Grievances whether prosecution of a disciplinary action is required, and, if directed, prosecute grievance proceedings on behalf of the Committee."  (ECF No. 13.)  Judge Wicks was appointed as a Magistrate Judge in this District on April 26, 2021.

2

his desk, as they had a perfect right to be, they were his documents, and the documents were then wrongfully taken by Mr. Bernstein." (*In re Lerner*, No. 16-MC-2636, ECF No. 13-17 at 18–19.) Judge Glasser also observed that the respondent "had documents which he knew or perhaps should have known may have been improperly obtained by Bernstein and passed onto him." (*Id.* at 20.) The Committee wrote, in relevant part: "During this hearing, Judge Glasser found that . . . (ii) Bernstein obtained the Sealed Materials wrongfully; and (iii) the respondent had 'documents which he knew or perhaps should have known may have been improperly obtained by Bernstein and passed onto him.'" (ECF No. 33 at 4–5.)

Citing the transcript of a different proceeding on April 27, 2011, the respondent argues that the Committee misinterpreted what Judge Glasser meant. (ECF No. 44 at 1.)[5] This claim has no merit. In its June 14, 2024, decision, the Committee accurately described Judge Glasser's comments at the July 20, 2010, hearing. (ECF No. 14 at 10–11.)

Second, the respondent argues that the Committee has "not stated that" the respondent acted "with willful and contumacious mens rea" when he "retained materials despite being ordered to surrender them," and that "it is impossible to determine what orders are participating in what findings of what contempt." (ECF No. 44 at 2.) The respondent asks the Committee to explain "which orders it has found were violated" that factored into its disciplinary decisions, and to provide "any evidence it has as to mens rea." (*Id.*) The Committee detailed the factual bases and legal support for its decision in the August 13, 2018, and June 14, 2024, orders

---

[5] At the April 27, 2011 hearing about which documents should be sealed, Judge Glasser said, "[l]et me make two observations. First, Mr. Beys, your eloquent presentation informed me of nothing that I really wasn't aware of except that your apology for using the word 'steal' causes me to wonder [what]the appropriate word would have been. I've heard some testimony about that in a hearing I held but the testimony was rather ambiguous, nothing about that testimony which informed me with any degree of certainty as to how the documents, the offending documents got into the hands of Bernstein." (ECF 44-1 at 7–8.)

suspending the respondent (*see* ECF Nos. 14, 33), and declines to elaborate further or repeat what it has already said.

Third, the respondent asserts that "the Committee's 2018 decision [suggests] that Mr. Wicks did . . . investigate, discuss charges, and try the case to a magistrate" and that "if he served in any form of adjudicative function . . . the conflict is fundamental and pure structural error." (ECF No. 44 at 3.)  The respondent asks the Committee "to remove all reference to his appointment if as it seems he did no such services; or in the alternative to preserve and provide for evidentiary hearing such proof that he did as exists." (*Id.* at 4.)

As the respondent is well aware, the Committee appointed then attorney James Wicks, pursuant to Local Rule 1.5(a), to "investigate the allegations against the respondent, to advise the Committee whether prosecution of disciplinary action is required, and, if directed, to prosecute grievance proceedings on behalf of the Committee." (ECF No. 14 at 3.)[6]  Judge Wicks carried out that function, often, as the respondent also points out, communicating with the respondent. (ECF No. 44 at 3.)  As the record makes clear, there was no hearing before a magistrate or any other tribunal, nor did then attorney Wicks "serve in an adjudicative function."  The Committee declines to alter its 2018 opinion.[7]

### CONCLUSION

For these reasons, the Committee finds no reason to reconsider its prior decisions.  The respondent's motion is denied.

---

[6] Local Rule 1.5(a) provides that the "Chief Judge shall appoint a panel of attorneys who are members of the bar of this Court to advise or assist the Committee" and that, "[a]t the direction of the Committee . . . members of this panel of attorneys may investigate complaints, may prepare and support statements of charges, or may serve as members of hearing panels."

[7] To the extent the respondent objects to the appointment of counsel, his time for doing so has long since passed; the Committee made the appointment more than six years ago.

4

**SO ORDERED.**

s/Ann M. Donnelly

_____

Hon. Ann M. Donnelly, U.S.D.J.
Chair of the Committee on Grievances
For the United States District Court
Eastern District of New York

Dated: Brooklyn, New York
      November 19, 2024

5